SCOOLIDGE, PETERS, RUSSOTTI & FOX LLP
Peter Scoolidge
2 Park Avenue, 20th Floor
New York, NY 10016
(212) 729-7708
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVY COACH INC., <br><br> *Plaintiff*, <br><br> v. <br><br> JOHN DOE CORPORATION d/b/a BLUE IVY COACHING <br><br> *Defendant*. | Case Number: 26-cv-210 <br><br> **COMPLAINT** <br><br> **ECF Case** <br> **Jury Trial Demanded** |

Plaintiff Ivy Coach Inc. ("Ivy Coach" or "Plaintiff"), by and through its attorneys Scoolidge, Peters, Russotti & Fox LLP, files this Complaint and alleges against Defendant John Doe Corporation d/b/a "Blue Ivy Coaching" ("Blue Ivy" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action arising from Defendant's trademark infringement and deceptive acts and practices under Sections 32(1), 43(a), and 43(d) of the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a), and (d)).

2. Ivy Coach is a well-known and well-regarded college admissions consulting company that has assisted prospective college applicants and their families in the navigation of elite college admissions for over 30 years.

3. Ivy Coach has been featured in various news outlets such as The New York Times, The Wall Street Journal, The Washington Post, U.S. News & World Report, NPR, Barron's, Bloomberg, and CNBC.

4. Blue Ivy Coaching is a competitor that also offers college admissions consulting services to students and families navigating the college application process.

5. Ivy Coach—and the consumer—have suffered injury as a result of Defendant's unauthorized use of a confusingly similar mark. By falsely suggesting an affiliation or endorsement, Defendant has harmed Ivy Coach's reputation, disrupted the integrity of the consumer marketplace, and caused substantial economic damage, including lost business opportunities and revenue.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. §1051, et seq.

7. The Court has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(3) because Defendant's tortious acts have caused injury to Ivy Coach within New York, and Defendant has otherwise committed acts giving rise to personal jurisdiction under CPLR § 302(a)(3)(i)-(ii).

8. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant may be found in this judicial district and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

9. Plaintiff Ivy Coach is a Florida corporation with a principal place of business in New York County in the City and State of New York.

10. Upon information and belief, Defendant Blue Ivy Coaching is a Florida limited liability company with a place of business in Miami.

**FACTUAL BACKGROUND**

*<u>Ivy Coach's Success and Trademark Rights</u>*

11. Ivy Coach is a college admissions consulting company that was formed over 30 years ago. Its services include college admission counseling, graduate school admissions counseling, and SAT/ACT tutoring. Ivy Coach is also engaged in pro bono college admissions consulting and offers free college counseling to many of America's veterans.

12. The Ivy Coach brand and its services are well-known and well-regarded in the college admissions consulting industry. Ivy Coach's valuable brand recognition has resulted in the misappropriation of its intellectual property by third parties seeking to trade on Ivy Coach's reputation and goodwill in order to attract customers to their competing business endeavors.

13. Ivy Coach is the owner of U.S. Trademark Registration No. 85800920 (filed 2012) for the mark "IVY COACH" and the owner of U.S. Trademark Registration No. 85800832 (filed 2012) for the mark "THE IVY COACH", both registered for use in connection with college admissions counseling services. The marks have been in continuous use in commerce for over 25 years and have come to represent Ivy Coach's high-quality, individualized consulting services.

14. As a result of its extensive and exclusive use, substantial advertising efforts, and consistent delivery of services, the "IVY COACH" marks have acquired strong source-identifying significance and goodwill in the marketplace. Consumers and competitors associate the marks solely with Ivy Coach and its services.  For example, one competitor, PrepScholar, uses Ivy Coach as the benchmark to emphasize the quality of its services.



*<u>Defendant's Recent Expansion into the United States and Trademark Misuse</u>*

15. Defendant competes directly with Ivy Coach in the field of college admissions consulting.

16. Upon information and belief, Defendant originally operated in Mexico and identified itself exclusively as a Mexican company under the name "Blue Ivy Mexico," providing educational and admissions counseling services primarily to students in Latin America.

17. In or about 2022, Defendant acquired a Canadian educational technology startup. At the time, industry articles and public statements described Defendant as a "Mexican company" seeking to connect Latin American students with international higher education opportunities. *See* **Exhibit 1**.

18. In 2023, Defendant was featured in *The PIE Leadership Digest*, which described the company as "originally based in Mexico" and noted that it had "just expanded operations to Miami, Florida in a move to support the large Hispanic population access greater higher education support." The article emphasized Defendant's recent efforts to establish partnerships with U.S. institutions through its founder and CEO, Marcus DeWitt. *See* **Exhibit 2**.

19. In August 2024, Defendant publicly announced on its social media its expansion into Houston, Texas, and Miami, Florida, marking its first entry into the U.S. market. *See* **Exhibit 3**.

20. Upon information and belief, Defendant switched from using the domain *www.blueivymexico.com* to *www.blueivycoaching.com* in or about 2021, and only started listing their U.S offices on the webpage sometime between 2023 and 2024.

21. Historical website archives confirm that Defendant's current domain, www.blueivycoaching.com, was not registered until 2020 and contained no active content until late 2021. *See* **Exhibit 4.**

22. Since expanding into the United States, Defendant promotes its services under the name "Blue Ivy Coaching" through its website, social media pages, and online advertisements. In these materials, Defendant prominently features the terms **"Ivy"** and **"Coaching"** in close

proximity, mirroring the key elements of the Ivy Coach mark. Examples of Defendant's infringing use can be seen below:








23.     Defendant's use of the terms "Ivy" and "Coaching" in connection with identical services is likely to cause consumers to believe that Defendant's business is affiliated with,

endorsed by, sponsored by, or otherwise associated with Ivy Coach, thereby trading on the goodwill and reputation that Ivy Coach has established through years of use and promotion.

24. This conduct constitutes trademark infringement, false designation of origin, and unfair competition under Sections 32(1), 43(a), and 43(d) of the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a), and (d)).

### *Defendant's Pattern of Disregard for Intellectual Property*

25. Defendant's conduct reflects a broader disregard for intellectual property rights. In addition to infringing Ivy Coach's registered trademark, Defendant displays on its website the official logos and wordmarks of numerous U.S. universities without authorization or license:



26. These university logos are protected trademarks owned by the respective institutions, and their unauthorized use falsely implies sponsorship or affiliation that does not exist. Ivy Coach intentionally refrains from using any university logos on its own website out of respect for those institutions' trademark rights. Defendant's continued misuse of those logos further demonstrates its pattern of infringing and misleading conduct and its disregard for the intellectual property of others.

### *Cease-and-Desist Communications*

27. After learning that Defendant was marketing and offering college admissions counseling services under the infringing name "Blue Ivy Coaching", Ivy Coach issued a cease-

and-desist and settlement demand letter dated October 22, 2025, demanding that Defendant cease all use of the infringing "Blue Ivy Coaching" mark and any confusingly similar designations. A true and correct copy of that letter is attached hereto as **Exhibit 5**.

28. On or about October 29, 2025, Defendant responded through counsel. In that letter, Defendant refused to discontinue its infringing use and asserted defenses based primarily on the alleged descriptiveness of the Ivy Coach mark and claimed third-party use of "Ivy" in the education space. Defendant did not deny use of the phrase "Blue Ivy Coaching" in connection with college admissions counseling. A true and correct copy of the response is attached hereto as **Exhibit 6.**

### *Ivy Coach's Damages*

29. Defendant's use of the Blue Ivy Coaching mark is likely to cause confusion among consumers searching for Ivy Coach's services.

30. With knowledge of Ivy Coach's strong brand recognition in the college admissions consulting business, Defendant exploited the goodwill and popularity of the Ivy Coach brand to increase traffic to its website and promote its services.

31. As a result of Defendant's conduct, Ivy Coach has suffered harm in the form of lost business opportunities, decreased market share, damage to its brand integrity and goodwill, and dilution of its trademarks.

32. The harm to Ivy Coach's business and reputation caused by Defendant's conduct is ongoing and continues to this day.

**FIRST CAUSE OF ACTION**
**(Violation of Section 43(a) of the Lanham Act – 15 U.S.C. § 1125(a))**

33. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

34. As set forth above, Defendant has, without authorization, used in commerce a mark containing the dominant elements "Ivy" and "Coaching" in connection with the advertising, promotion, and sale of college admissions counseling and related educational services that are identical or substantially similar to those offered by Ivy Coach.

35. The "THE IVY COACH" and "IVY COACH" marks are distinctive and more than descriptive as they require consumers' imagination to reach a conclusion as to the feature and nature of Ivy Coach's services.

36. Ivy Coach displays its trademarks online when advertising its services, including but not limited to copy displayed for Ivy Coach's website and services on Google and other search results.

37. Ivy Coach has been the owner of the domain name: *www.ivycoach.com* and acquired this domain name before Defendant's use of *www.blueivycoaching.com*.

38. Defendant's purpose of using and including the entire "Ivy Coach" trademark in Defendant's business name, domain name, and metadata appearing on Google search results is to advertise its own college admissions consulting services, which are substantially the same services as provided by Plaintiff.

39. Defendant's use of the infringing "Blue Ivy Coaching" mark and including the "IVY COACH" mark in its domain name and metadata is likely to cause confusion and has the capacity to deceive consumers into believing that Defendant's services are affiliated with, endorsed by, or otherwise connected to Ivy Coach.

40. Ivy Coach has suffered injury as a result of Defendant's unlawful conduct, including actual consumer confusion, diversion of prospective clients, and a dilution of the goodwill associated with Ivy Coach's name and services.

41. Additionally, Defendant has earned and continues to earn revenue from consumer leads and affiliate engagements that were obtained by misleading consumers as to the source or sponsorship of their services, in an amount to be proven at trial.

42. Ivy Coach continues to be damaged by Defendant's activities and conduct. Unless Defendant's conduct is enjoined, Ivy Coach and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages and for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act – 15 U.S.C. § 1125(d))

43. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

44. Plaintiff displays the "IVY COACH" mark online and includes its mark in its domain name, *www.ivycoach.com*, when advertising its services and directing potential clients to purchase its services.

45. Ivy Coach has been the owner of the domain name: *www.ivycoach.com* and acquired this domain name before Defendant's use of *www.blueivycoaching.com*.

46. Defendant, without Plaintiff's authorization, includes the entire "IVY COACH" mark in Defendant's domain name, www.blueivycoaching.com.

47. Plaintiff's "IVY COACH" mark became distinctive prior to Defendant's acquisition of Defendant's domain name.

48. Defendant, which provides the identical services to Plaintiff and entered the U.S. market in August 2024, was aware of Plaintiff's successful business and famous "IVY COACH" mark.

49. Defendant intends to profit by diverting or misdirecting clients from Plaintiff's website to its website, who would purchase Defendant's services instead of Plaintiff's.

50. Defendant's use of the IVY COACH mark in its domain name to redirect Internet traffic to Defendant's website is likely to cause clients mistakenly to believe that Defendant's services are sponsored or approved by Plaintiff or affiliated with Plaintiff.

51. Ivy Coach has suffered injury and irreparable harm as a result of Defendant's deceptive conduct, both by the loss of potential clients and by a lessening of goodwill associated with Ivy Coach's services, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of Section 32(1) of the Lanham Act – 15 U.S.C. § 1114)

52. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

53. Plaintiff's "IVY COACH" trademark is valid and entitled to protection because the mark "IVY COACH" is registered with the United States Patent and Trademark Office for use in connection with providing college admissions counseling services.

54. Ivy Coach displays its "IVY COACH" trademark online when advertising its services, as set forth above.

55. Defendant has used Ivy Coach's well known trademark in its domain name and metadata in online advertising, without Plaintiff's authorization.

56. Defendant and Plaintiff both engage in the business of providing college admissions consulting services, share the same or similar customers in the close proximity.

57. By using the infringing "Blue Ivy Coaching" mark and including Plaintiff's entire "IVY COACH" mark in Defendant's domain name and metadata, Defendant is likely to cause confusion and has the capacity to deceive consumers into believing that Defendant's services are affiliated with, endorsed by, or otherwise connected to Ivy Coach.

58. Defendant is capitalizing upon the reputation and goodwill that Ivy Coach has spent decades cultivating in the marketplace by providing a high quality of service.
Ivy Coach has suffered an continues to suffer irreparable harm to the strength and distinctiveness of its marks, as well as monetary damages, as a result of Defendant's unauthorized use of Plaintiff's trademarks.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ivy Coach respectfully requests that this Court enter a judgement:

a) Finding Defendant has violated Sections 32(1), 43(a), and 43(d) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a), and 1125(d));

b) Awarding damages in an amount to be determined at trial; and that those damages be trebled pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendant's actions;

c)   For temporary, preliminary and permanent injunctions, restraining and enjoining Defendant, and its respective and common agents, employees, representatives, servants, successors, assigns, affiliates, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, requiring them to refrain from using the mark Blue Ivy Coaching or any other mark, name, designation that is confusingly similar to Plaintiff's Ivy Coach mark, in connection with the promotion, marketing, or sale of educational or college counseling services, at law or in equity, on all damages;

d)   That Ivy Coach be awarded all of Ivy Coach's costs in this action, including Ivy Coach's reasonable attorneys' fees and expenses;

e)   That Ivy Coach be awarded such other and further relief as may be deemed just and proper by this Court.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues that may be tried to a jury.

- 12 -

Date: January 9, 2026                                  Respectfully submitted,


                                                       Peter Scoolidge (PS7107)
                                                       *peter@sprfllp.com*
                                                       SCOOLIDGE PETERS RUSSOTTI & FOX LLP
                                                       2 Park Avenue – 20th Floor
                                                       New York, NY  10016
                                                       Tel: (212) 729-7708

                                                       *Attorneys for Plaintiff.*