# Exhibit 6



1401 Eye Street NW, Suite 800, Washington, DC 20005 • (202) 783-3300

October 29, 2025

Daniel P. Mullarkey
(202) 626-8305
(202) 478-0239 Fax
dmullarkey@polsinelli.com

***Via Email (*peter@sprfllp.com*)***

Peter Scoolidge
2 Park Avenue, 20th Floor
New York, NY 10016

**Re:    Use of BLUE IVY COACHING**

Dear Mr. Scoolidge:

This firm represents Blue Ivy Coaching ("Blue Ivy") with regard to its intellectual property matters. We are in receipt of your letter dated October 22, 2025, alleging that Blue Ivy's use of the mark BLUE IVY COACHING infringes on Ivy Coach, Inc.'s ("Ivy Coach") rights in the mark IVY COACH. Please direct all future correspondence regarding this matter to me.

Our client respects the intellectual property rights of others and shares your client's interest in avoiding consumer confusion. However, we disagree that confusion is likely in this instance. First, Blue Ivy has been providing college admissions counseling services under the BLUE IVY mark in North America since at least as early as 2016. Despite nine years of coexistence with Ivy Coach, Blue Ivy is unaware of any actual confusion between the parties' respective marks, nor does your letter allege any actual confusion. Moreover, the IVY COACH mark is highly descriptive of your client's services and therefore entitled to a narrower scope of protection, as evidenced by numerous examples of third-party use of similar marks. As such, Blue Ivy's use of "BLUE" at the beginning of its mark is sufficient to create an entirely distinct commercial impression and distinguish the parties' respective marks in the marketplace. Further, the term "coaching" is merely descriptive. Blue Ivy's trademark use is BLUE IVY and the term "coaching" appears separate and less distinct than the main portion of the mark due to its descriptive and non-distinct nature. *See* www.blueivycoaching.com. Thus, there is no likelihood of confusion between Blue Ivy's BLUE IVY mark and Ivy Coach's IVY COACH mark.

The IVY COACH mark is highly descriptive in connection with college coaching services, especially as those seeking such services are often seeking admission to **Ivy** League universities.

Atlanta | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Kansas City | Los Angeles | Miami | Nashville | New York | Park City | Philadelphia | Phoenix | Raleigh
Salt Lake City | San Diego | San Francisco | Seattle | St. Louis | Washington, D.C. | Wilmington

polsinelli.com



October 29, 2025
Page 2

Several other entities use "IVY"-formative marks like your client's mark, which comprise the term "IVY" followed by a generic term like "COACH." A search of the federal trademark register identifies examples such as IVY CENTRAL (Reg. No. 5,812,035) owned by Ivy Central FZ LLC (https://www.ivycentral.com/), IVY STRATEGY ADVISOR (Reg. No. 5,251,744) owned by Dr. Wasif Syed (https://ivystrategyadvisor.com/), and IVY TALENT (Reg. No. 5,098,737) owned by Ivy Talent International Education Group Inc (https://www.ivytalent.com/). All three of these marks are registered in connection with college admissions consulting services, have live websites, and have apparently coexisted both on the register and in the marketplace with each other and with your client's mark for over five years. Further evidence of third-party use of similar marks include IVY ADMISSIONS (https://www.ivyadmissions.co/), THE IVY INSTITUTE (https://theivyinst.org/), IVYWISE (https://www.ivywise.com/), and IVY SCHOLARS (https://www.ivyscholars.com/). As evidenced by these numerous third-party uses of marks that are similar to the IVY COACH mark in connection with nearly identical services, Ivy Coach's rights in the IVY COACH mark are narrow, and even a minor difference is sufficient to overcome any likelihood of confusion.

As you are likely aware, the most dominant portion of a mark is typically the beginning of the mark. Given the descriptive nature of the IVY COACH mark and the crowded field of "IVY"-formative marks in the marketplace where "IVY" is the first term, Blue Ivy's use of "BLUE" at the beginning of its mark creates a vastly different commercial impression from both your client's mark and the several third-party marks we identified above. Further, Blue Ivy is not using "coach" but "coaching." These terms look and sound different and provide different meanings to consumers. In any event, if you review Blue Ivy's website, the use of BLUE IVY is largely separate from "coaching" and the use of BLUE IVY is very different from IVY COACH as used by the respective parties. In light of the foregoing, there is no likelihood of confusion between your client's IVY COACH mark and our client's use of BLUE IVY COACHING. Therefore, our client will not be taking any of the actions demanded in your letter.

Nothing in this letter is intended to waive any of our client's legal or equitable rights, all of which are expressly reserved. If you would like to discuss reasonable solutions that will alleviate your client's concerns, please reach out to me.

Sincerely,

Daniel P. Mullarkey