USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVY COACH INC.,

                        Plaintiff,

          -against-

JOHN DOE CORPORATION D/B/A BLUE IVY
COACHING,

                        Defendant.

26-CV-00210 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a Lanham Act case brought by Plaintiff Ivy Coach Inc. against Defendant John Doe Corporation d/b/a Blue Ivy Coaching. Defendant has not yet been served or appeared. Plaintiff is a college admission consulting company. Dkt. No. 1 ¶ 2. Defendant "is a competitor that also offers college admissions consulting services to students and families navigating the college application process." *Id.* ¶ 4. Plaintiff contends that Defendant's name—"Blue Ivy Coaching"—infringes on the trademark "Ivy Coach Inc." in violation of the Lanham Act. Before the Court now is Plaintiff's motion for a preliminary injunction (Dkt. No. 10) enjoining Defendant from "using the mark *Blue Ivy Coaching* and domain name *www.blueivycoaching.com* or any other mark identical or confusingly similar to Plaintiff's 'IVY COACH' mark in connection with educational counseling, admissions, or related services." *See* Dkt. No. 10-1 at 5 of 16.

The motion is deficient in numerous regards. Plaintiff has not indicated that it served the motion on Defendant, therefore in reality it is seeking an *ex parte* temporary restraining order. *See* Fed. R. Civ. P. 65. "In considering the appropriateness of a temporary restraining order, courts 'must examine whether the movant has demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order, while the temporal context of a

preliminary injunction takes a longer view.'" *Carter v. Sewell*, No. 23-CV-01139 (JLR) (RWL), 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (quoting *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020))..[1]  Plaintiff has failed to explain why harm would occur *immediately* such that injunctive relief must issue before Defendant could have an opportunity to respond.  Therefore, construed as a request for an *ex parte* temporary restraining order, the motion is DENIED.

The Court would deny the motion even if it were for a preliminary injunction.  A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  To receive this remedy, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (the "*Winter* factors").  Plaintiff seeks a "mandatory" injunction because the relief it seeks—requiring Defendant to cease using its name and change its domain name, alters the status quo.  *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 882 F.3d 32, 36 (2d Cir. 2018).  Accordingly, Plaintiff needs to "meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." *Id.* at 37.  Even without this heightened standard, Plaintiff has failed to show a likelihood of success on the merits at this stage of the case.  "Ivy Coach" and "Blue Ivy Coaching" are not identical.  Nor is the Court convinced they are confusingly similar based on the Court's weighing of the eight-factor *Polaroid* test against the allegations in the Complaint.  *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495–96 (2d Cir. 1961); *see 1-800 Contacts, Inc. v. JAND, Inc.*, No. 22-1634, 2024 WL 4439136, at *6 (2d Cir. Oct. 8, 2024) (explaining that courts in the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

Second Circuit "apply the eight-factor *Polaroid* test to assess whether a plaintiff has sufficiently

pleaded 'likelihood of confusion'"). The eight factors are:

> (1) strength of the trademark; (2) similarity between the two marks; (3) proximity of the products and their competitiveness with one another; (4) likelihood the prior owner may 'bridge the gap' in the markets for their products; (5) evidence of actual consumer confusion; (6) the defendant's good faith in adopting its imitative mark; (7) quality of the defendant's product compared with the plaintiff's product; and (8) sophistication of the buyers.

*Van, Inc. v. MSCHF Product Studio, Inc.*, 88 F.4th 125, 136 (2d Cir. 2023).

Regarding factor one, Plaintiff has not introduced sufficient evidence of the strength of its

mark. Regarding factor two, the marks are not especially similar. "Ivy Coach" and "Blue Ivy

Coaching" are readily distinguishable. Furthermore, "Ivy" is a clear reference to "Ivy League,"

rather than any quality or characteristic unique to Plaintiff's product, while "coach" and

"coaching" simply denotes the type of service provided. The Court also notes that the photos

Plaintiff provides of Defendant's website or materials all feature a prominent uppercase "B"

framed against a blue or white background. *See, e.g.* Dkt. No. 1 ¶ 22. As to factor five, there is

no evidence of actual confusion on the part of consumers. Regarding factor six, there is no

evidence of bad faith.[2] Plaintiff does not even brief the seventh factor, quality of service. And,

regarding factor eight, there is no evidence that parents seeking college consulting services on

behalf of their high school-aged children are not sophisticated enough to distinguish between

"Ivy Coach" and "Blue Ivy Coaching." Therefore, Plaintiff has failed to show a likelihood of

---

[2] Defendant changed from "Blue Ivy Mexico" to "Blue Ivy Coaching" after expanding into the United States. Dkt. No. 1 ¶¶ 16–21. Plaintiff says this demonstrates Defendant's bad faith and attempt to confuse consumers. Dkt. No. 10-1 at 5, 9–10 of 16. But swapping "Mexico" for "Coaching" is at least equally consistent with Defendant looking for a more generic term in its name as it seeks to appeal to a new consumer base in the United States.

success concerning its claims at this stage of the case sufficient to justify the entry of a preliminary injunction, and accordingly the Court will deny its motion for injunctive relief. [3]

For the foregoing reasons, Plaintiff's motion for a preliminary injunction (Dkt. No. 10) is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 10.

Dated: January 23, 2026
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[3] For similar reasons, Plaintiff has also failed to show that that "Ivy Coach" and "Blue Ivy Coaching" are "identical or confusingly similar," so it has not shown a likelihood of success on the merits concerning its Anticybersquatting Consumer Protection Act claim, either.